JOHN V. AND FRED V. HUGHES v. THE STATE.

*No. 6684. Decided May 3.*

**Scire Facias.**—In answer to citation to show cause why judgment *nisi* should not be made final, the sureties on a bail bond pleaded the surrender of their principal to the sheriff prior to the forfeiture of the bond. The State filed a general exception to this plea, which was sustained by the court. *Held,* error. The plea presented a valid defense, and if supported by proof would defeat a recovery on the bond by the State.

APPEAL from the County Court of Dallas. Tried below before Hon. E. G. Bower, County Judge.

The judgment was on the forfeiture of the appearance bond of Frederick Juniper. The amount of the bond and judgment was $200.

*William Thompson,* for appellants.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—This appeal is from a judgment final upon a forfeited bail bond. Appellants, who are the sureties upon said bail bond, in answer to the citations to show cause why the judgment *nisi* rendered against them should not be made final, among other defenses pleaded that prior to the forfeiture of said bail bond they surrendered their principal into the custody of the sheriff of Dallas County, and notified said sheriff that they desired to be released from further liability on said bond, etc.

A general exception to said plea was sustained, and this action of the court is assigned as error.

It is provided that "those who have become bail for the accused, or either of them, may at any time relieve themselves of their undertaking by surrendering the accused into the custody of the sheriff of the county where he is prosecuted." Code Crim. Proc., art. 297.

Appellants' plea of the surrender of their principal was a valid defense and should have been entertained. If the allegations therein relating to the surrender are sustained by evidence, appellants, under the statute quoted, must be released from liability upon the bail bond.

As to other assignments of error, they are not maintainable.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.