### Ex Parte W. T. King.

No. 2210.   Decided November 6, 1912.

**Bail—Amount of Bond—Practice on Appeal—Discretion.**

This court would not feel authorized to disturb the judgment of the trial court in fixing the amount of bail, unless the record clearly showed an abuse of the court's power in fixing the amount of bail.

Appeal from the District Court of Mitchell in vacation.   Tried below before the Hon. James L. Shepherd.

Appeal from a habeas corpus proceeding fixing relator's bond at $3,000, upon a charge of assault with intent to murder.

The opinion states the case.

*F. G. Thurmond,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Complaint was filed against relator in the Justice Court charging him with assault with intent to murder. Upon a hearing he was bound over to await the action of the grand jury, and his bond fixed in the sum of six thousand dollars. He sued out a writ of habeas corpus before Hon. James L. Shepherd, district judge, who granted the writ, and upon hearing the evidence offered, reduced the bond and fixed it at the sum of three thousand dollars. From this order appellant prosecutes this appeal.

The evidence amply supports the judgment binding appellant over to await the action of the grand jury, and as appellant's witness on cross-examination stated appellant had friends, who would probably go on his bond, worth in excess of one hundred thousand dollars, we can not say the court erred in fixing the amount of bond. It would only be in a case where the evidence clearly showed an abuse of the

court's power in fixing the amount of bail to be required for the appearance of a defendant in his court would we feel authorized to disturb his judgment.

If it should be made to appear that appellant can not in fact give this bond, we are satisfied on a proper showing the court will fix the amount in such sum as the evidence justifies.

The judgment is affirmed.

*Affirmed.*