**Richard McCONATHY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52982.**

Court of Criminal Appeals of Texas.

Jan. 12, 1977.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., and Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Attorney, David S. McAngus, Asst. State's Atty., Austin for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a final judgment forfeiting a bail bond in the amount of $200.00.

The record reflects that the principal Willie Earl Rusk was charged by information with possession of marihuana of less than two (2) ounces. On May 26, 1976 the principal was released on a $200.00 bail with the appellant McConathy as surety. When the principal Rusk failed to appear for trial on February 10, 1976 and the bail bond was forfeited, a judgment nisi was entered on the same day. After a hearing on June 4, 1976, a final judgment was entered forfeiting the bail bond.

Appellant urges the court erred in forfeiting the bail bond since he had relieved himself of all responsibility as surety under the bond when he surrendered the principal into custody of the sheriff's office on November 2, 1975. He further contends that

thereafter he did not consent to the use of the bail bond after the surrender had been effected.

The docket sheet reflects that on October 14, 1975, a notation was made that principal Rusk had failed to appear, the bond was forfeited and the amount of any new bond raised to $500.00. A "pass slip"[1] found in the record dated October 14, 1975 reflects that the principal was present in the court on that date. On November 4, 1975 a docket sheet entry reflects the earlier bond forfeiture was set aside and the case was passed to November 6, 1975. On that date the case was passed to December 19, 1975, when the "pass slip" indicated the principal was present. On December 19, 1975 the case was passed until January 27, 1976, on which date the principal was present. On that date the case was passed until February 3, 1976, and then passed until February 10, 1976, at which time the principal was not present. The bond forfeiture was then ordered and the judgment nisi entered.

Appellant-surety McConathy testified at the hearing on whether the judgment nisi should be made final. He stated he was notified of the bond forfeiture of October 14, 1975 and given a 20 day grace period in which to locate the principal and surrender him, an apparent local policy. He testified that on the 19th day after October 14, 1975, in order to relieve his liability under the bail bond, he surrendered the principal to the sheriff's office. That would have been November 2, 1975. Such testimony was undisputed.[2] McConathy also testified he did not file affidavit of surety to surrender since he observed that the principal's bond had been raised to a $500.00 cash bond and he didn't think such affidavit was a necessity since the principal would have to make a cash bond to get out of jail. He related that he did not thereafter consent or give

anyone permission to have the appellant released under the original bond. Subsequently on November 17, 1975 he filed an affidavit of surety to surrender principal in order to protect himself, but the affidavit was refused by the trial judge, with the judge marking "Refused" on the affidavit near the section requesting the issuance of an arrest warrant. No warrant of arrest was issued. It is not clear from this poorly developed record just when the principal was released from jail.

Article 17.16, Vernon's Ann.C.C.P., provides:

"Those who have become bail for the accused, or either of them, may at any time relieve themselves of their undertaking by surrendering the accused into the custody of the sheriff of the county where he is prosecuted."

Article 17.19, Vernon's Ann.C.C.P., provides:

"Any surety, desiring to surrender his principal, may upon making affidavit of such intention before the court or magistrate before which the prosecution is pending, obtain from such court or magistrate a warrant of arrest for such principal, which shall be executed as in other cases."

Article 2372p-3, § 13(a), Vernon's Ann. C.S., relating to the licensing and regulations of bail bondsmen, provides:

"(a) No person who executes a bail bond as a surety for a principal may surrender the principal unless he forthwith executes an affidavit to be filed with the clerk of the court stating:

"(1) the date the bond was made;

"(2) the fee paid for the bond; and

"(3) the reason for the surrender.

"(b) If the reason for surrender is deemed without reasonable cause by the principal,

---

1. This is a printed form apparently designed for use in the County Criminal Court of Dallas County designated as "Form 441—Defendant's Request for Action" and provides squares to be checked if the defendant is in court or not and who requested the "pass" and the date of any new setting.

2. The appellant-surety did earlier testify that the date of the surrender was "on or about the 10th of November," but he was not sure of the exact date. He then stated it was within the 20 day grace period. Later he positively stated he returned the principal on the "19th day from October the 14th." No one introduced the jail records.

any agent of the sheriff, or any attorney representing the state or any accused in the proceeding, that person may bring the matter to the attention of the court. "(c) If the court determines that the person who surrendered the principal did so without reasonable cause, the court in its discretion may require that all or a part of the fees paid as a condition for making the bail bond shall be returned to the principal. In making the determination the court shall determine what fees, whether denominated fees for the making of the bond or not, were in fact paid for the purpose of inducing the surety to make the bond."

Appellant-surety argues that under the provisions of Article 17.16, supra, and since there was no valid bond forfeiture prior to his surrender of the principal to the sheriff of the county where the principal was being prosecuted, he is relieved of his liability under the bond. See *Pfeil v. State*, 118 Tex.Cr.R. 124, 40 S.W.2d 120 (1931); *Rachel v. State*, 102 Tex.Cr.R. 97, 277 S.W. 649 (1925); *Ex parte Cobb*, 69 Tex.Cr.R. 473, 154 S.W. 997 (1913); *Hughes v. State*, 28 Tex.App. 499, 13 S.W. 777 (1890).

In *Wells v. State*, 100 Tex.Cr.R. 73, 271 S.W. 918 (1925), this court in construing Article 330, C.C.P., 1911, a forerunner of Article 17.16, supra, held that the statute was to be liberally construed and not taken literally. This court there wrote:

"This statute is intended to confer a benefit on the surety, but not to entail a loss or expense on the state. The object of the law, it would appear, is to give the surety authority, under the statute, to relieve himself of liability under the bond; but, before he is relieved, he must put the state in at least as good a situation as it was before."

Appellant contends that by surrendering the principal he put the State in as good a situation as it was before the bail bond was made and the principal's subsequent release was without his consent.

He further argues that when he learned the principal had been released on the same bond without his approval or consent he filed an affidavit of surety to surrender as provided by Article 17.19, supra, but the trial court refused to issue a warrant of arrest, thus thwarting his effort to apprehend the principal.

■ The State acknowledges the provisions of Article 17.16, supra, but contends that such provisions must be read in light of the provisions of Article 2372p-3, § 13(a), supra. The State contends that now any such surrender under Article 17.16, supra, is ineffective until the surety forthwith executes and files an affidavit in accordance with Article 2372p-3, § 13(a), supra, with the clerk of the court. Such latter statute does require that no surety shall surrender a principal unless the surety shall execute and file the required affidavit. The main thrust of said § 13(a) is to provide a remedy for the principal for a return of all or any part of the fees paid for making the bond if the surrender was without reasonable cause in the opinion of the court after the matter is called to the court's attention by the principal, attorneys for the parties, or an agent of the sheriff. We conclude that all statutes dealing with the surrender of the principal must be read in light of Article 2372p-3, § 13(a), supra. Appellant-surety in surrendering the principal to the sheriff's office complied with Article 17.16, supra, and later filed his affidavit in accordance with Article 2372p-3, § 13(a), supra. While there was some delay in filing the affidavit, we do not conclude that the surety's right to relieve himself of liability under the bond can be defeated by the release of the principal on the original bond between the surrender and the filing of the affidavit without the approval or consent of the surety under the circumstances of this case.

■■ Further, in filing the affidavit the surety not only sought to comply with Article 2372p-3, § 13(a), supra, but also sought compliance with Article 17.19, supra, by requesting the issuance of an arrest warrant. The trial judge refused to issue such warrant. We find no authority for the trial judge to refuse the issuance of the arrest warrant after the requisite affidavit. If

**169**

the trial judge considered the attempt to surrender without reasonable cause, the remedy is under Article 2372p-3, § 13(a), supra,[3] not the blocking of one of the statutory procedures for surrendering of a principal.[4]

Under the circumstances here presented, the trial court erred in entering final judgment forfeiting the bail bond.

The judgment is reversed and the cause ordered remanded.

---

**3.** Another remedy of the principal is a civil action against the surety. Ex parte Vogler, 495 S.W.2d 893 (Tex.Cr.App.1973).

**4.** It has been held that the filing of an affidavit and the issuance of an arrest warrant under Article 17.19, supra, does not constitute a surrender as to discharge liability under the bond. This liability is not discharged until the principal is taken into custody. Apodaca v. State, 493 S.W.2d 859 (Tex.Cr.App.1973); Thompson v. State, 169 Tex.Cr.R. 495, 335 S.W.2d 226 (1960); Wells v. State, supra.