## Joe WHITEHEAD, Principal & Cotton Belt Insurance Co., Surety,

### v.

## The STATE of Texas, Appellee.

### No. 67804.

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 23, 1981.

*Jackson v. State*, 576 S.W.2d 88 (Tex.Cr.App. 1979), which in turn relies on *Dowden*.

Richard Tex McConathy, Dallas, for appellant.

Arthur C. Eads, Dist. Atty. and James T. Russell, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an attempted appeal by Cotton Belt Insurance Company as surety from a final order forfeiting a $10,000 appearance bond.

A final judgment of forfeiture was signed by the trial court on March 17, 1981. See Art. 22.14, V.A.C.C.P. No motion for new trial was filed. On May 4, 1981, appellant filed a cost bond in the trial court. On May 11, 1981, appellant filed a motion in this Court seeking an extension of time in which to file a cost bond. An extension of time was granted until June 6, 1981, to file the cost bond.

The State has filed a motion to dismiss this appeal contending that this Court was without jurisdiction to extend the time for filing the cost bond under the facts of this case, and that, therefore, this Court's appellate jurisdiction was never properly invoked.

We agree and dismiss.

■ An appeal may be taken from every final judgment over $20 forfeiting an appearance bond. Art. 44.42, V.A.C.C.P. Appeals of final judgments forfeiting bonds "shall be regulated by the same rules that govern civil actions where an appeal is taken...." Art. 44.44, V.A.C.C.P. In this instance a cost bond was necessary to perfect an appeal. Tex.R.Civ.P. 356. The requirement to timely file a cost bond is mandatory and jurisdictional, and it cannot be

waived. *Brewer v. State*, 576 S.W.2d 404 (Tex.Cr.App.1979) and the cases therein cited.

When no motion for new trial has been timely filed, the cost bond must be filed with the clerk of the trial court "within thirty days after the judgment is signed, ..." Tex.R.Civ.P. 356. And:

> "An extension of time may be granted by the appellate court for late filing of a cost bond ..., if such bond is filed, ... within fifteen days after the last day allowed and, within the same period, a motion is filed for the appellate court reasonably explaining the need for such extension."

Tex.R.Civ.P. 356(b).

The comments accompanying this amended rule provided by the Supreme Court of Texas state that:

> "The provision for an extension of the time for filing the bond,... is limited to the situation in which the bond, ... is tendered for filing within fifteen days after the last day for filing and a motion for extension is filed in the appellate court within the same period."

■ The final judgment of forfeiture was signed on March 17, 1981. The cost bond should have been filed on or before April 16, 1981. The fifteenth day after the last day allowed for the filing of the bond was May 1, 1981. The cost bond was not filed until May 4, 1981, and the motion for extension of time was not presented to this Court until May 11, 1981.

The El Paso Court of Appeals, in *Grajeda v. Charm Homes, Inc.*, 614 S.W.2d 176 (Tex. Civ.App. El Paso 1981), held in a similar situation that:

> "The last amendment to Rule 356(b) provides that an extension of time may be granted by the appellate court for the late filing of a cost bond if the bond and a motion reasonably explaining the need for an extension are filed within fifteen days after the last day allowed. Failure to file the bond and motion for extension within the fifteen-day period returns counsel to the original time limits of Rule

356(a), which are jurisdictional. Pope and McConnico, Practicing Law With the 1981 Texas Rules, 32 Baylor L.Rev. 457, 501 (1980). Appellants did not avail themselves of this remedy, and we [do not address the other issue presented on appeal].

"For the above reasons, the attempted appeal is dismissed for want of jurisdiction."

We find the reasoning of the Court of Appeals equally applicable to the facts of the instant case.

The appeal is dismissed.