Romero MAYA, Defendant Principal,
and Cowboy Bail Bonds,
Appellant,

v.

The STATE of Texas, Appellee.

No. 06–03–00091–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 2, 2004.

Decided Jan. 14, 2004.

Randy Adler, Dallas, for appellant.

William (Bill) Hill, Jr., District Attorney,
Moira A. Parro, Assistant District Attorney, Dallas, for appellee.

Before MORRISS, C.J., ROSS and
CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

The trial court awarded a $2,500.00 bond forfeiture judgment in favor of the State and against Cowboy Bail Bonds. On appeal, Cowboy Bail Bonds contends the trial court should have ruled against the State and in favor of Cowboy Bail Bonds' asserted affirmative defense. We affirm the trial court's judgment.

### Factual and Procedural Background

Police arrested and charged Romero Maya with delivery of a controlled substance, a felony offense. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112 (penalty group 1), 481.1121 (penalty group 1–A), 481.113 (penalty group 2), 481.114 (penalty groups 3 and 4) (Vernon 2003). Maya's bond was set at $2,500.00. Maya hired Cowboy Bail Bonds to post bond on his behalf, which Cowboy did January 30, 2001, and Maya was free pending trial. Maya regularly appeared at court over the next year, until he failed to appear for an October 3, 2002, hearing. The trial court issued a warrant for Maya's arrest and ordered the bond posted by Cowboy forfeited to the State. A judgment nisi[1] was signed the same day, and service was executed October 18, 2003. At trial on the judgment nisi, Cowboy said it should not be held liable for the bond because, before the issuance of the forfeiture in the criminal case, Cowboy filed an "affidavit to go off bond," which Cowboy contends the trial court failed to act on before Maya's failure to appear in the criminal case, and the trial court's failure to approve the affidavit to go off bond prevented Cowboy from securing an arrest warrant which Cowboy could have used to lawfully apprehend Maya be-fore he failed to appear October 3. Cowboy asks us to reverse the trial court's judgment of forfeiture and hold the mere filing of an "affidavit to go off bond" presents an affirmative defense to the forfeiture suit in this case.

### Analysis

To resolve this issue, we are called on to analyze the meaning of Article 17.19 of the Texas Code of Criminal Procedure, which governs this issue. When interpreting a statute, "our primary goal is to ascertain and give effect to the Legislature's intent in enacting it." *In re Canales,* 52 S.W.3d 698, 702 (Tex.2001). "If a statute is clear and unambiguous, we need not resort to rules of [statutory] construction or other aids to construe it." *Id.* "Even then, however, we may consider, among other things, the statute's objectives, its legislative history, and the consequences of a particular construction." *Id.*

Article 17.19 provides:

(a) Any surety, desiring to surrender his principal and after notifying the principal's attorney, if the principal is represented by an attorney, in a manner provided by Rule 21a, Texas Rules of Civil Procedure, of the surety's intention to surrender the principal, may file an affidavit of such intention before the court or magistrate before which the prosecution is pending.

. . . .

(b) If the court or magistrate finds that there is cause for the surety to surrender his principal, the court shall issue a warrant of arrest or capias for

1. A judgment nisi "is the judicial declaration of the forfeiture of the bond, . . . ." *Murray v. State,* 832 S.W.2d 444, 445 (Tex.App.-Beaumont 1992, no pet.). The judgment nisi is necessary to the instigation of the civil bond forfeiture action. *Id.* It does not, however, result in an immediate forfeiture judgment on which the State may seek immediate collection.

the principal. It is an affirmative defense to any liability on the bond that:

(1) the court or magistrate *refused* to issue a warrant of arrest or capias for the principal; and

(2) *after the refusal* to issue the warrant or capias the principal failed to appear.

(c) If the court or magistrate before whom the prosecution is pending is not available, the surety may *deliver* the affidavit to any other magistrate in the county and that magistrate, on a finding of cause for the surety to surrender his principal, shall issue a warrant of arrest or capias for the principal.

TEX.CODE CRIM. PROC. ANN. art. 17.19 (Vernon Supp.2004) (emphasis added).

■ Refusal is defined as "[t]he denial or rejection of something offered or demanded." BLACK'S LAW DICTIONARY 1285 (7th ed.1999). We hold that, for refusal to occur under Article 17.19, the thing being refused (in this case an affidavit to go off bond) must first be offered by the party requesting approval and in some manner called to the attention of the magistrate. This reading of the statute is consistent with its plain language and its obvious intended purpose of first requiring judicial review of items such as affidavits to go off bond before those instruments result in the issuance of something as powerful as a warrant for a defendant's arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 17.19(b), (c) (requiring magistrate find an affidavit to surrender principal be supported by "cause"); *Hernandez v. State*, 600 S.W.2d 793, 794–95 (Tex.Crim.App. [Panel Op.] 1980) (reversing defendant's heroin conviction because drugs were found as a result of a search that occurred based on an Article 17.19 capias warrant that had been issued by the deputy district clerk rather than by the magistrate).

■ Paulette Davis, an agent for Cowboy, testified she never personally talked to the trial court about granting the affidavit to go off bond, nor did she ever approach the judge or the court coordinator with the affidavit to go off bond so as to allow the judge to sign or refuse to sign the document. As such, there is no evidence in the record to show the trial court denied or otherwise refused to grant the affidavit to go off bond because there is no evidence in the record before us to show the affidavit to go off bond was presented for the court's approval or refusal.

Further, the statute provides the surety a remedy if the original magistrate is not available. The surety may "deliver" the affidavit to another magistrate in the county and "on a finding of cause for the surety to surrender his principal, shall issue a warrant...." *See* TEX.CODE CRIM. PROC. ANN. art. 17.19(c). Delivery is "[t]he formal act of transferring or conveying something, such as a deed; the giving or yielding possession or control of something to another." BLACK'S LAW DICTIONARY 440 (7th ed.1999). There is no evidence that the original magistrate was unavailable or that the affidavit was delivered to another magistrate.

Cowboy sites *McConathy v. State*, 545 S.W.2d 166 (Tex.Crim.App.1977), for its position that the trial court erred. In *McConathy*, a bonding agent secured the principal's release by posting a $200.00 surety. Thereafter, the principal failed to appear in court and the judge ordered a bond forfeiture. Pursuant to a local custom, however, the surety was allowed a twenty-day grace period in which to locate and surrender the principal. The surety was able to surrender the principal within that time frame. For reasons unknown, the defendant was then again released from jail, with the sheriff using the bond previously posted by the bonding agent as

the assurance the defendant-principal would return for trial—even though the sheriff did not first secure the bonding agent's consent to release the principal from jail on that original bond. The principal again failed to appear for trial, and the State then successfully prosecuted the forfeiture case, from which judgment the surety appealed to the Texas Court of Criminal Appeals. *Id.* at 166–67.

On review, the Texas Court of Criminal Appeals reversed the trial court's judgment of forfeiture. The court found the bonding company should not have been liable for the defendant's second bond forfeiture when the bonding company did not consent to the principal's release under the original bond after the principal had been surrendered following the first bond forfeiture. *Id.* at 168. The court went on to state that a trial court has no discretion to refuse to issue a warrant pursuant to a properly filed affidavit of surety. *Id.* at 168–69. The court's opinion did not, however, go so far as to say the mere filing of an affidavit absolves the surety of any potential forfeiture liability. Therefore, we do not read *McConathy* to support Cowboy's proposition (that the mere filing of an affidavit to go off bond, without requiring the affidavit to be affirmatively presented to the magistrate for signature or refusal, is sufficient to satisfy the elements of the affirmative defense outlined in TEX.CODE CRIM. PROC. ANN. art. 17.19).

We affirm the trial court's judgment.