

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00396-CR

**CHRISTOPHER SPEARS,**

          **Appellant**

 v.

**THE STATE OF TEXAS,**

          **Appellee**

**From the County Court at Law No. 2
Brazos County, Texas
Trial Court No. 07-05226-CRM-CCL2**

## MEMORANDUM OPINION

Christopher Spears appeals the granting of a summary judgment in favor of the state of Texas on a bond forfeiture proceeding. Spears contends that the trial court erred in refusing to grant his request for an arrest warrant, in finding that the evidence was insufficient to demonstrate cause for the issuance of a warrant, and in not finding in favor of his affirmative defense pursuant to Texas Code of Criminal Procedure article 17.19(b). TEX. CODE CRIM. PROC. ANN. art. 17.19(b) (Vernon Supp. 2009). Because we find that the trial court erred in granting the State's motion for summary judgment, we reverse the judgment of the trial court and remand for further proceedings.

As the movant for summary judgment, the State had the burden of establishing that there were no genuine issues of material fact as to any of the elements of the State's cause of action, which the State proved by the bond and the judgment *nisi*. *Alvarez v. State*, 861 S.W.2d 878, 887 (Tex. Crim. App. 1993) (opinion on reh'g). The burden then shifted to Spears to raise a fact issue on the affirmative defense set forth in article 17.19(b). *Id*. at 889 n.5. An affirmative defense will prevent the granting of a summary judgment only if each element of the affirmative defense is raised by competent summary judgment evidence. *Hill v. State*, 955 S.W.2d 96, 101 (Tex. Crim. App. 1997). Every reasonable inference from the evidence must be indulged in favor of the non-movant, and any doubts must be resolved in the non-movant's favor. *Alvarez*, 861 S.W.2d at 887.

Article 17.19(b) is an affirmative defense to liability on a forfeiture. In order to defeat the State's motion for summary judgment, Spears must show that (1) the court or magistrate refused to issue a capias or warrant for the arrest of the principal; and (2) after the refusal to issue the capias or warrant of arrest, the principal failed to appear. TEX. CODE CRIM. PROC. ANN. art. 17.19(b) (Vernon Supp. 2009). In addition, Spears must show that he filed an affidavit in strict compliance with article 17.19(a). *See Hernden v. State*, 865 S.W.2d 521, 523 (Tex. App.—San Antonio 1993, no writ).

Spears complains that the trial court denied his request to issue a warrant for the principal after he filed his affidavit because it was mandatory that the trial court do so. Spears also contends that his affidavit was sufficient to comply with article 17.19(a). A trial court has no authority to refuse to issue a warrant for a principal after a surety has

properly presented an affidavit pursuant to article 17.19. *See, e.g., McConathy v. State*, 545 S.W.2d 166, 168 (Tex. Crim. App. 1977).

The primary issue, then, is whether the affidavit filed by Spears complies with article 17.19(a). Article 17.19(a) sets forth the requirements for an affidavit to be filed when a surety desires to be released from his obligation, including the court and cause number, the name of the defendant and the offense charged, the date of the bond, the reason for surrender, and that the required notice has been given. TEX. CODE CRIM. PROC. ANN. art. 17.19(a) (Vernon Supp. 2009). Spears did file an affidavit, and it is undisputed that the trial court denied his request for the issuance of a warrant.

The State contends that Spears's affidavit was insufficient in that it did not state that Spears had personal knowledge of the contents of the affidavit, did not state whether the acts to maintain the bond were required of the principal, and that it did not state sufficient cause for the trial court to issue the warrant. The State also contends that the proper standard for determining "cause" is probable cause. The State does not challenge the affidavit regarding the other requirements of article 17.19(a) and we do not address them in this appeal.

The affidavit filed by Spears stated that he is making the affidavit after being sworn and under oath, and was notarized as such. An "affidavit" is defined as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX. GOV'T CODE ANN. § 312.011 (Vernon 2005). The affidavit filed by Spears meets this definition.

In his affidavit, Spears set forth three reasons for his request to surrender the principal: (1) Def[endant] has never checked in; (2) Def[endant] has not provided our office with current info.; and (3) Def[endant] does not return phone calls or messages. Spears also stated that he had information regarding the principal's current address in Oklahoma City. While the affidavit filed by Spears certainly could have been more specific, it did meet the requirements of article 17.19(a). As such, once the affidavit was presented to the trial court, the trial court did not have discretion to deny Spears's request for a warrant to be issued. *See McConathy*, 545 S.W.2d at 168 (A trial court has no authority to refuse to issue a warrant for a principal after a surety has properly presented an affidavit pursuant to article 17.19.); *see also* TEX. CODE CRIM. PROC. ANN. art. 17.19(b) (Vernon Supp. 2009) (the trial judge "shall issue" an arrest warrant for the principal if the judge determines there is cause to surrender the principal). If the principal wants to later challenge the validity or content of the affidavit, they can pursue a civil action against the bond company. *McConathy*, 545 S.W.2d at 168; *Robbins v. Roberts*, 833 S.W.2d 619, 623-24 (Tex. App.—Amarillo 1992, no pet.).

Further, there is no requirement that the cause set forth in article 17.19 rise to a level of probable cause. We decline to add the requirement that the affidavit must set forth probable cause to surrender the principal because we are required to strictly construe the statutes governing bond forfeitures. *See Hernden v. State*, 865 S.W.2d 521, 523 (Tex. App.—San Antonio 1993, no writ). As such, we will not add language that the legislature did not include. Reviewing the evidence under the appropriate standards, we find that the allegations contained in the affidavit were sufficient to establish cause

to surrender the principal.  We find that the trial court erred in granting the summary judgment in favor of the State.  We sustain issues one and two.

*Remedy*

Spears requests that we render judgment in his favor.  However, this is an appeal of a summary judgment proceeding filed by the State.  When we reverse a trial court's judgment, it is our duty under Rule of Appellate Procedure 43.3 to render the judgment the trial court should have rendered.  TEX. R. APP. P. 43.3.  However, Spears did not file his own motion for summary judgment.  Therefore, we cannot give him relief he did not request by rendering judgment in his favor at this stage of the proceedings.  The order that the trial court should have rendered is to deny the motion for summary judgment, not to grant judgment in his favor.  Spears's issue three is overruled.

*Conclusion*

We find that the trial court erred in granting the State's motion for summary judgment of forfeiture against Spears.  We reverse and remand this cause to the trial court for further proceedings in accordance with this opinion.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Reversed and remanded
Opinion delivered and filed December 30, 2009
Do not publish
[CV06]