**DISMISS; and Opinion Filed December 28, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00928-CV

**MILENE COOPER, D/B/A ACE BAIL BONDS, Appellant**
**V.**
**MARK HUNT, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F12-33267-Y**

## OPINION

Before Justices Lang-Miers, Fillmore, and Schenck
Opinion by Justice Fillmore

Appellant Milene Cooper, doing business as Ace Bail Bonds, appeals the trial court's

order for return of the bail bond premium paid by appellee Mark Hunt. Hunt filed a motion to

dismiss this appeal for lack of jurisdiction. We grant Hunt's motion to dismiss, and we dismiss

this appeal for want of jurisdiction.

**Jurisdiction**

Cooper, an agent for Financial Casualty Insurance Company,[1] the surety on a bail bond

for principal Hunt, appeals the trial court's October 16, 2013 order that Cooper return the bail

---

[1] Because the relationship between Cooper and Financial Casualty Insurance Company does not affect our decision, we refer in this opinion only to Cooper, the actual party to this appeal.

bond premium paid by Hunt. Hunt filed a motion to dismiss the appeal for lack of jurisdiction,[2] contending this Court lacks jurisdiction over the trial court's interlocutory order.

*Procedural Background*[3]

Cooper posted bail bonds[4] in six criminal cases filed in Dallas County, Texas, against Hunt. In one of those cases—cause number F13-33450-Y—Cooper filed an affidavit under article 17.19 of the code of criminal procedure for the surrender of Hunt.[5] Based on that affidavit, the trial court issued an arrest warrant, and Hunt was arrested. Thereafter, Cooper filed affidavits under article 17.16 of the code of criminal procedure seeking discharge of the surety's liability on bail bonds in the five other cases pending against Hunt on which Cooper was the agent for the surety, including cause number F12-33267-Y, the case underlying this appeal.[6]

---

[2] Hunt alternatively moved for damages for a frivolous appeal if this Court concludes it has jurisdiction over the appeal.

[3] Our recitation of procedural background facts is constrained by a limited record on appeal.

[4] A bail bond is "a written undertaking entered into by the defendant and the defendant's sureties for the appearance of the principal therein before a court or magistrate to answer a criminal accusation . . . ." TEX. CODE CRIM. PROC. ANN. art. 17.02 (West Supp. 2015).

[5] Article 17.19 provides in pertinent part:

> (a) Any surety, desiring to surrender his principal and after notifying the principal's attorney, if the principal is represented by an attorney, in a manner provided by Rule 21a, Texas Rules of Civil Procedure, of the surety's intention to surrender the principal, may file an affidavit of such intention before the court or magistrate before which the prosecution is pending. . . .

> (b) In a prosecution pending before a court, if the court finds that there is cause for the surety to surrender the surety's principal, the court shall issue a capias for the principal. . . .

TEX. CODE CRIM. PROC. ANN. art. 17.19(a), (b) (West 2015).

[6] Article 17.16 provides in pertinent part:

> (a) A surety may before forfeiture relieve the surety of the surety's undertaking by:
> * * *
> (2) delivering to the sheriff of the county in which the prosecution is pending and to the office of the prosecuting attorney an affidavit stating that the accused is incarcerated in federal custody, in the custody of any state, or in any county of this state.

> (b) On receipt of an affidavit described by Subsection (a)(2), the sheriff of the county in which the prosecution is pending shall verify whether the accused is incarcerated as stated in the affidavit. If the sheriff verifies the statement in the affidavit, the sheriff shall notify the magistrate before which the prosecution is pending of the verification.

> * * *

> (d) A capias for the arrest of the accused is not required if:
> (1) a warrant has been issued for the accused's arrest and remains outstanding; or
> (2) the issuance of a capias would otherwise be unnecessary for the purpose of taking the accused into custody.

> (e) For the purposes of Subsection (a)(2) of this article, the bond is discharged and the surety is absolved of liability on the bond on the verification of the incarceration of the accused. . . .

With regard to the article 17.16 affidavit filed by Cooper in cause number F12-33267-Y, a Dallas County magistrate signed an order on August 13, 2013, discharging Cooper, as the surety's agent, of all liability on the bond.

Pursuant to section 1704.207 of the occupations code, Hunt filed a contest of Cooper's surrender of him in the trial court. Section 1704.207(a) of the occupations code provides that a person executing a bail bond may surrender the principal for whom the bond is executed by:

(1) if the principal is represented by an attorney, notifying the principal's attorney of the person's intention to surrender the principal in a manner provided by Rule 21a, Texas Rules of Civil Procedure; and

(2) filing an affidavit with the court or magistrate before which the prosecution is pending that states:

    (A)    the person's intention to surrender the principal;
    (B)    the court and cause number of the case;
    (C)    the name of the defendant;
    (D)    the offense for which the defendant is charged;
    (E)    the date of the bond;
    (F)    the reason for the intended surrender; and
    (G)    that notice of the person's intention to surrender the principal has been provided as required by this subsection.

TEX. OCC. CODE ANN. § 1704.207(a) (West 2012).[7] Section 1704.207(b) provides:

---

TEX. CODE CRIM. PROC. ANN. art. 17.16 (West Supp. 2015). Cooper's "Motion and Affidavit of Surety for Discharge of Liability and Surrender of Principal Before Forfeiture" pursuant to article 17.16 states Hunt was incarcerated in Dallas County at the time of filing that motion and contains a "Verification of Incarceration" signed by a member of the Dallas County Sheriff's Department.

[7] The general substance of section 1704.207 of the occupations code was first enacted in 1973 as Article 2372p-3, § 13 of the Texas Revised Civil Statutes. *See* Act of May 18, 1973, 63rd Leg., R.S., ch. 550, § 13, 1973 Tex. Gen. Laws 1520, 1526 (effective Aug. 27, 1973), which provided:

    (a)    No person who executes a bail bond as a surety for a principal may surrender the principal unless he forthwith executes an affidavit to be filed with the clerk of the court stating:

    (1) the date the bond was made;
    (2) the fee paid for the bond; and
    (3) the reason for the surrender.

    (b)    If the reason for surrender is deemed without reasonable cause by the principal, any agent of the sheriff, or any attorney representing the state or any accused in the proceeding, that person may bring the matter to the attention of the court.

    (c)    If the court determines that the person who surrendered the principal did so without reasonable cause, the court in its discretion may require that all or a part of the fees paid as a condition for making the bail bond shall be returned to the principal. . . .

> (b)  If a principal is surrendered under Subsection (a) and the principal or an attorney representing the state or an accused in the cause determines that a reason for surrender was without reasonable cause, the person may contest the surrender in the court that authorized the surrender.

*Id.* § 1704.207(b).  Relying on section 1704.207(c), Hunt sought return of the premiums he paid Cooper to post the bail bonds.  Section 1704.207(c) provides:

> (c)  If the court finds that a contested surrender was without a reasonable cause, the court may require the person who executed the bond to refund to the principal all or part of the fees paid for execution of the bond.  The court shall identify the fees paid to induce the person to execute the bond regardless of whether the fees are described as fees for execution of the bond.

*Id.* § 1704.207(c).

Following an evidentiary hearing on Hunt's contest of his surrender,[8] the trial court signed an October 16, 2013 order, in which the trial court found Cooper's surrender of Hunt was unreasonable.  The trial court ordered Cooper to present a receipt of the premium she received in cause number F12-33267-Y, as well as the other five cases for which Cooper served as the agent for the surety for principal Hunt.  Pursuant to section 1704.207(c), the trial court ordered Cooper to return to Hunt the premiums paid to Cooper once the respective premiums charged were determined.  Cooper was also ordered to immediately return a motorcycle Hunt had posted as additional collateral to obtain the bail bonds.  The trial court's October 16, 2013 order includes the following:

> 2.    On August 12, 2013, Cooper filed an affidavit to surrender under article 17.19, Code of Criminal Procedure in no. F13-33450-Y.  This [trial court] granted the affidavit and issued the warrant.  [Hunt] was arrested the same day.  On August 13, 2013, Cooper filed 17.16, Code of Criminal Procedure affidavits and was relieved of liability in all the other cases.

---

TEX. REV. CIV. STAT. ANN. art. 2372p-3, § 13.

In 1999, article 2372p-3 was repealed and was recodified as section 1704.207 of the occupations code.  *See* Act of May 10, 1999, 76th Leg., R.S., ch. 388, § 1704.207, 1999 Tex. Gen. Laws 1431, 2286–287 (effective Sept. 1, 1999).

[8] The appellate record contains no reporter's record, and, therefore, no transcription of, or copies of exhibits admitted at, that evidentiary hearing.

3.      Under authority of Section 1704.207(b) Occupations Code, the [trial court] finds the surrender of defendant was **unreasonable** for these reasons:

a.      Cooper's [Affidavit to Go Off Bond] stated [Hunt] had violated bond conditions.  He did not.  [Hunt] attended all his court dates in the above cases and, indeed, on the date the warrant issued, he appeared at Cooper's office and made his regular premium payment.  The text message [Hunt] sent to Cooper did not show an intent to abscond and it was unreasonable for Cooper to so conclude.

b.      Cooper notified [Hunt]'s counsel, Heath Hyde, by fax prior to submitting the affidavit.  Under Occupations Code § 1704.207(*l*), incorporating Rule 21a, Rules of Civil Procedure, Hyde was allowed 3 working days to respond.  Cooper therefore improperly obtained the warrant on the day of filing.

c.      Cooper violated Rule B8, Dallas County Bail Bond Rules by not submitting the affidavit through a Texas licensed attorney.  Reggie Spellman, who submitted the affidavit, was not a licensed private investigator.  Accordingly, Spellman violated section 1702.3863, Occupations Code.[9]

d.      Under Texas law, Cooper could not file a 17.19 affidavit in one case and 17.16 affidavits in the others.  She was required to file a 17.19 affidavit in all cases, which she did not.

Cooper filed a motion to reconsider and motion for new trial.  By order signed December 3, 2013, the trial court denied Cooper's motion to reconsider and motion for new trial.[10]  In the December 3, 2013 order, Cooper was ordered to refund the $4,025 premium paid by Hunt for the bail bond in cause number F12-33267-Y.  Cooper filed this appeal of the trial court's December 3, 2013 order as a "final judgment."  Hunt seeks dismissal of this appeal, contending this Court lacks jurisdiction over the "interlocutory" order.

*Standard of Review*

Our initial inquiry is always whether we have jurisdiction over an appeal.  *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993).  The Court never presumes

---

[9] Section 1702.3863 states a person commits an offense if the person contracts with or is employed by a bail bond surety to secure appearance of a person who has failed to appear or "bail jumped" under section 38.10 of the penal code unless the person is a peace officer, an individual endorsed or licensed as a private investigator or manager of a licensed investigations company, or a commissioned security officer employed by a licensed guard company.  TEX. OCC. CODE ANN. § 1702.3863(a) (West 2012).

[10] The trial court's December 3, 2013 order references Cooper's motion to reconsider and motion for new trial and Hunt's response.  Those pleadings are not in this appellate record.

–5–

appellate jurisdiction, *Brashear v. Victoria Gardens of McKinney, LLC*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g), and has a duty to inquire as to its own jurisdiction even if the parties do not raise the issue, *Bank of N.Y. Mellon v. Guzman*, 390 S.W.3d 593, 596 (Tex. App.—Dallas 2012, no pet.).

Our jurisdiction is established exclusively by the constitution and statutory enactments. *See, e.g.*, TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (West Supp. 2015) (civil cases); TEX. CODE CRIM. PROC. ANN. art. 4.03 (West 2015) (criminal cases). Unless a statute specifically authorizes an interlocutory appeal, appellate courts have jurisdiction over final judgments only. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Guzman*, 390 S.W.3d at 596. If the record does not affirmatively demonstrate our jurisdiction, we must dismiss the appeal. *Brashear*, 302 S.W.2d at 546.

*Discussion*

The trial court's interlocutory order for Cooper's refund of Hunt's bail bond premium is ancillary to the criminal proceeding against Hunt for which the bail bond was executed. *See* TEX. CODE CRIM. PROC. ANN. art. 44.42 (West 2006) (appeal may be taken by defendant from every final judgment rendered upon a personal bond, bail bond or bond taken for the prevention or suppression of offenses, where such judgment is for twenty dollars or more, exclusive of costs, but not otherwise); *Whitehead v. State*, 625 S.W.2d 336, 337 (Tex. Crim. App. [Panel Op.] 1981) (appeal may be taken from every final judgment over twenty dollars forfeiting an appearance bond; appeals of final judgments forfeiting bonds shall be regulated by the same rules that govern civil actions where an appeal is taken); *City of Dallas v. Smith*, 716 S.W.2d 114, 116, 117 (Tex. App.—Dallas 1986, no writ) (entry of final judgment of bond forfeiture is incidental to criminal case, constituting part of the criminal case; both Texas Supreme Court and Texas Court of Criminal Appeals "hold that the forfeiture of bail bonds in criminal cases is a mere incident to the criminal case") (quoting *Willis v. State*, 150 S.W. 905, 905 (Tex. Crim. App.

1912)); *State v. Sellers*, 766 S.W.2d 312, 314 (Tex. App.—Houston [14th Dist.] 1989) ("We construe the language of Article 44.01(a)(2) to mean that the State may appeal an order which modifies a *final*, otherwise enforceable, judgment. This Court has never had the power to entertain an appeal from an interlocutory judgment except where specifically authorized by law."), *aff'd*, 790 S.W.2d 316 (Tex. Crim. App. 1990); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (there is no constitutional or statutory authority granting courts of appeals jurisdiction to hear appeals from interlocutory orders regarding excessive bail or denial of bail).[11]

Our research has located no authority providing for appeal of an interlocutory order under section 1704.207(b) of the occupations code. Indeed, section 1704.208 of the occupations code contemplates final resolution of bail bond issues in the trial court at the time of the principal's acquittal or conviction. Section 1704.208 provides that "[a] person executing a bail bond is relieved of liability on the bond on the date of disposition of the case for which the bond is executed," which occurs "on the date the case is dismissed or the principal is acquitted or convicted." TEX. OCC. CODE ANN. § 1704.208 (West 2012); *see also Maya v. State*, 126 S.W.3d 581, 582 n.1 (Tex. App.—Texarkana 2004, no pet.) (judgment nisi, a declaration of the forfeiture of a bail bond, is necessary to instigation of a civil bond forfeiture action but does not "result in an immediate forfeiture judgment on which the State may seek immediate collection"); *see also Lozano v. State*, 978 S.W.2d 645, 647 (Tex. App.—Eastland 1998, no pet.) (where principal failed to appear for hearing on judgment nisi, trial court entered judgment only against surety;

---

[11] In her appellate brief, Cooper acknowledges Hunt's challenge to Cooper's reasonable cause for his surrender was to be resolved in the same court in which the criminal action against Hunt is pending. *See Robbins v. Roberts*, 833 S.W.2d 619, 622 (Tex. App.—Amarillo 1992, no pet.) (jurisdiction and venue to determine allegation that the surrender of principal was without reasonable cause is vested in court having jurisdiction of criminal case). Cooper argues on appeal, however, that she had to be served by Hunt with citation as Hunt's challenge constitutes a separate civil action. We note Cooper appeared and responded to Hunt's challenge in the trial court. "A defendant who enters an appearance by filing an answer is before the court for all purposes." *West v. City Nat'l Bank of Birmingham*, 597 S.W.2d 461, 464 (Tex. Civ. App.—Beaumont 1980, no writ). By filing an answer, a defendant submits himself to the jurisdiction of the court. *Id.*; *see also Warner v. Irving Lumber Co.*, 584 S.W.2d 893, 894 (Tex. Civ. App.—Dallas 1979, no writ) (rule is well settled that defendant who has appeared in main case is before court for all purposes).

trial court entered severance order so judgment against surety could become final for appellate jurisdictional purposes); *Rosas v. State*, 958 S.W.2d 852, 853 (Tex. App.—Amarillo 1997, no pet.) (final judgment was rendered in bail bond forfeiture matter on day trial court signed order dismissing accused from cause and disposing of all parties and issues, and prior judgment against surety, decreeing his liability on bond, became final and appealable on that day).

The record contains no indication the criminal case against Hunt has been dismissed or that Hunt has been acquitted or convicted of the charge brought against him. The trial court's order relating to refund of the bail bond premium paid by Hunt in the criminal case pending against him is interlocutory in nature and not a separately appealable order. No statute vests this Court with jurisdiction over a direct appeal of an interlocutory order for refund of a bail bond premium under section 1704.207(c) of the occupations code. Because this appeal does not fall within an exception to the rule that appeal may be taken only from a final judgment, we are constrained to conclude this Court is without jurisdiction to entertain this appeal of the trial court's interlocutory order. Accordingly, we grant Hunt's motion to dismiss, and we dismiss this appeal for want of jurisdiction.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

140928F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MILENE COOPER, D/B/A ACE BAIL
BONDS, Appellant

No. 05-14-00928-CV       V.

MARK HUNT, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas,
Trial Court Cause No. F12-33267-Y.
Opinion delivered by Justice Fillmore,
Justices Lang-Miers and Schenck
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee Mark Hunt recover his costs of this appeal, if any, from appellant Milene Cooper, d/b/a Ace Bail Bonds.

Judgment entered this 28th day of December, 2015.