## KARAKEY v. MOLLOHAN. (No. 2286.)

Court of Civil Appeals of Texas. El Paso.
March 14, 1929.

Rehearing Denied April 4, 1929.

C. M. Wilchar, of El Paso, for appellant.
M. V. Ward, of El Paso, for appellee.

WALTHALL, J. In March, 1928, appellee, Mollohan, was confined in jail in El Paso county, Tex., and in charge of Seth B. Orndorff, sheriff of said county, charged by indictment in seven separate and distinct acts of forgery and passing a forged instrument, each a felony under the law. For the purpose of procuring bonds in each of said causes Mollohan, through a friend, induced appellant, S. G. Karakey, and another to execute his seven appearance bonds as surety, the said bonds aggregating in amount the sum of $7,500 and for which service in executing said bonds and releasing appellee thereon from custody appellee agreed to pay and did pay to appellant the sum of $725. Appellant, with another as surety, executed said bonds, and appellee was released thereon from custody. The said bonds are each in the usual form of such bonds, the liability of the sureties thereon being in effect that if Mollohan should make his personal appearance before the court then in session in which the indictment was pending, and there remain from day to day until discharged by due course of law, to answer the accusation against him, the bond obligation should become void, otherwise to remain in force and effect.

Appellee alleges, in substance, that without cause, and in breach of appellant's contract to remain on said bonds as surety and thereby release appellee from custody, appellant, shortly after executing said bonds, caused alias capiases to be issued for his arrest; that said capiases were issued in each of said causes, and appellee was arrested thereon and held in custody. Appellee sues appellant to recover for the $725 paid him for executing said bonds as surety.

Appellant answered by general denial. The parties waived a jury and submitted the matters, both of fact and of law, to the court. After hearing the evidence the court rendered judgment for appellee for the sum of $725, and costs and interest from the date of the judgment.

Appellant prosecutes this appeal.

### Opinion.

The court made and filed findings of fact. We here set out the court's findings as stating the facts more fully than stated above.

#### "Findings of Fact.

"1. On or about the 14th day of March, 1928, plaintiff was in the county jail of El Paso county, Texas, charged, by several indictments, with the offense of forgery. The bond required for his release, pending trial,

was $7,500. In consideration of the sum of $725 paid by plaintiff to defendant, defendant signed bonds aggregating $7,500. The other surety thereon was one Ayub, who was procured to sign the bond by defendant. On or about the 26th day of March, 1928, said bonds were approved by the sheriff, and plaintiff was set at liberty. On the 31st day of March, 1928, defendant appeared before the District Clerk of El Paso county, Texas, and made and filed an affidavit that he desired to surrender to the sheriff of El Paso county the plaintiff, and prayed for alias capias for the arrest of the plaintiff. Alias capias was forthwith issued, and on the 31st of March, 1928, in the city of Dallas, plaintiff was arrested thereunder. Plaintiff had gone to Dallas with the knowledge and implied consent of the defendant. From the time of his release, by virtue of the bond, the plaintiff had kept the conditions thereof, and committed no actual nor anticipatory breach thereof.

"2. Plaintiff and defendant were unacquainted prior to the time the matter of bond was discussed between them in the county jail. H. C. Dyer was a friend of the plaintiff and urged the defendant to make the bond, and the plaintiff made certain representations to Dyer as to his financial condition and in regard to the prosecutions pending against him. These representations were not communicated by Dyer to the defendant, or in any event the evidence does not show a communication thereof. On or about the 31st of March, 1928, Dyer came to the defendant and told him that Mr. Mollohan had misrepresented a lot of things to him (Dyer), therefore he had good reason to believe that plaintiff was not going to appear, and urged the defendant to surrender him on the bond, the defendant fearing plaintiff might default on the bond made the surrender. Subsequent to the execution and delivery of the bond, Dyer had agreed to indemnify the other surety, Ayub, but for what consideration does not appear.

"3. Subsequent to his release on the bond, plaintiff did not say or do anything that would reasonably justify the defendant in the belief that plaintiff would not observe his obligations thereunder.

"4. Plaintiff's trial was commenced on the 24th day of May, 1928. The next regular term after the bond was made convened May 7, 1928."

▇▇ As we view the case, as between Mollohan and Karakey, it presents an agreement between them by the terms of which Karakey agreed, for the consideration paid, to become one of the sureties on each of the several bonds required by law to be given by Mollohan in order to secure his release from custody, and a breach of such agreement after he had entered into it and had received the consideration for which he had agreed to be bound under the terms of the bonds. After executing the bonds as surety Karakey had

the right, as between him and the state, at any time to relieve himself of his undertaking under his agreement to remain surety on the bonds, by surrendering Mollohan into the custody of the sheriff of the county where he is prosecuted. Such right, we think, he had whether expressed in the agreement or not. It was a right extended to him under article 282 of the Code of Criminal Procedure of this state, and we think that right could be read into the agreement when made. In the absence of any agreement to the contrary we think it could be said that both parties to the agreement so understood it, and so intended that such might be done whenever Karakey so desired. However, by exercising his right to surrender his principal to the sheriff, as provided by the above article of the Code of Criminal Procedure, means only that by doing so the surety relieves himself on his obligation to the state. Such surrender does not release him from his agreement to Mollohan. His agreement with Mollohan is separate and apart from his obligation to the state as surety on the bonds. His duty to Mollohan was continuous at least until his case was called for trial on the indictment. When Karakey surrendered Mollohan to the sheriff, he thereby voluntarily breached his agreement with Mollohan, in the absence of any agreement that he might do so.

▇ The trial court found that Dyer, Mollohan's friend who had induced Karakey to go on the bonds, told Karakey that Mollohan had misrepresented certain things to him, Dyer, and urged Karakey to surrender Mollohan into custody, such, we think, might have induced Karakey to make the surrender of Mollohan and relieve himself from liability on the bonds, but Karakey's surrender of his principal does not, we think, affect the question of his liability to Mollohan unless the exercise of that right would also relieve him of his agreement to Mollohan. He had undertaken for a consideration paid him to secure Mollohan's release from custody, an agreement not contrary to public policy or the law, under the facts found by the trial court. Karakey, by his agreement with Mollohan, charged himself with an obligation possible to be performed, and he must make it good, unless its performance is rendered impossible by the act of God, the law, or Mollohan himself. Fruin v. Crystal R. Co., 89 Mo. 397, 14 S. W. 557, and cases cited. It is nowhere suggested that appellant, under the terms of his agreement, could relieve himself of his obligation to Mollohan by surrendering him into custody, and we think no such condition is implied under the facts. The law leaves the contract just where the parties themselves have put it, and neither the law nor the courts may insert by construction what the parties have not agreed to when they could but did not. R. C. L. vol. 6, p. 1001. Mollohan desired freedom from custody until

he should be called for trial and Karakey agreed to secure such freedom. .

█ We have concluded that appellant was liable under his agreement, and that appellee is entitled to recover judgment for the amount which he has upon the faith of his agreement paid to appellant, the amount sued for. All propositions not specifically discussed have been considered and overruled.

Finding no reversible error, the case is affirmed.