Mike **DUNN** et al., Appellants,

v.

Benny **BROWN** et ux., Appellees.

No. 5338.

Court of Civil Appeals of Texas, Eastland.

July 5, 1979.

Rehearing Denied July 26, 1979.

Samuel B. Moore, Jr., Robinson, Hanna, Moore & Holloway, Inc., Abilene, for appellants.

Cletus C. Schenk, Wichita Falls, for appellees.

RALEIGH BROWN, Justice.

This is a venue case. Benny Brown and Mona Boatright Brown sought damages in Baylor County against Eagle Bonding Company and its employees, Mike Dunn and Danny Morgan, for alleged injuries caused by defendants' withdrawal from criminal surety bonds. Plaintiffs took a nonsuit as to Morgan and Dunn. Eagle Bonding Company's plea of privilege to be sued in its residence, Taylor County, was overruled after plaintiffs filed their controverting plea

invoking Exceptions 9, 23 and 30 of Tex. Rev.Civ.Stat.Ann. art. 1995 and Section 17.-56 of the Texas Business and Commerce Code, the special venue provisions of the Deceptive Trade Protective-Consumer Protection Act. The Company appeals. We reverse and order the cause transferred to Taylor County.

Eagle Bonding Company made criminal surety bonds for Benny and Mona Brown in the amount of $10,000 each to guarantee their appearance in Taylor County before Justice of the Peace Clark to respond to a fugitive complaint from the State of Oklahoma. The agreement to make the bond was made in Taylor County and the bond fee was paid in Taylor County.

Four days after making the bonds and their release from the Taylor County jail, plaintiffs were arrested in Baylor County on five felony warrants each from Baylor County and two felony warrants each from Throckmorton County. Two days after such arrests, Mona Brown was released from the Baylor County jail on bonds made by her attorney, Cletus Schenk, as to the Baylor County and Throckmorton County charges. Benny Brown remained in jail in lieu of similar bonds.

Approximately forty-five days after her release, Mona Brown was arrested while visiting Benny Brown in jail on warrants issued by Justice of the Peace Clark after Eagle Bonding Company had made application to be released from its bond obligations. By letter dated one day after Mrs. Brown's subsequent arrest, Mona Brown's attorney also notified the Sheriff of Baylor County that he had been relieved of his bond obligations as to Mona Brown.

One month later, June 3, 1977, the charges in Taylor County were dismissed because no warrants had been received from the Governor of Oklahoma. On July 1, 1977, Benny and Mona Brown were released from the Baylor County jail on criminal surety bonds made by their attorney, Cletus Schenk, as to the Baylor County and Throckmorton County charges.

Subdivision 30 of Tex.Rev.Civ.Stat.Ann. art. 1995 provides:

Special venue—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given.

Section 17.56 of the Texas Business and Commerce Code, the special venue provision of the Deceptive Trade Practice-Consumer Protection Act, provides:

An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business.

Benny and Mona Brown failed to plead any of the acts or practices which are declared unlawful by Section 17.46 of the Deceptive Trade Practices-Consumer Protection Act. They also failed to plead that Eagle Bonding Company's withdrawal as surety on their bonds constituted unconscionable conduct.

Articles 17.16 and 17.19 of the Code of Criminal Procedure, Tex.Rev.Civ.Stat.Ann., provide for surrender of a principal by a surety or sureties. Article 17.16 states:

Those who have become bail for the accused, or either of them, may at any time relieve themselves of their undertaking by surrendering the accused into the custody of the sheriff of the county where he is prosecuted.

Article 17.19 provides:

Any surety, desiring to surrender his principal, may upon making affidavit of such intention before the court or magistrate before which the prosecution is pending, obtain from such court or magistrate a warrant of arrest for such principal, which shall be executed as in other cases.

These statutes permit a surety to relieve himself of his obligation under the bond at any time, ex parte, without any form of hearing and such statutes have been held to be constitutional. *Ex parte Vogler*, 495 S.W.2d 893 (Tex.Cr.App.—1973).

■ Eagle Bonding Company has complied with the statutory requirements to withdraw as surety on the Brown bonds. If its withdrawal is without reasonable cause, Benny and Mona Brown's remedy lies in Article 2372p–3(13), Tex.Rev.Civ.Stat.Ann., if the county of prosecution has a population of 124,000 according to the last federal census or in a civil action for breach of contract against the bonding company. *Karakey v. Mollohan,* 15 S.W.2d 692 (Tex.Civ. App.—El Paso 1929, no writ); *Ex parte Vogler,* supra.

Plaintiffs failed to sustain venue in Baylor County under Subdivision 30, Art. 1995, Tex.Rev.Civ.Stat.Ann. and Section 17.56 of the Texas Business and Commerce Code.

Subdivision 9 provides:

Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed by the defendant, or by his agent or representative, or in the county where the defendant has his domicile. This subdivision shall not apply to any suit based upon negligence per se, negligence at common law or any form of negligence, active or passive.

Benny and Mona Brown contend that Eagle Bonding Company committed a crime or trespass against them in that the company violated Article 2372p–3(13), Tex.Rev.Civ. Stat.Ann. Neither Baylor County nor Taylor County had population of 124,000 according to the last federal census and, therefore, Article 2372p–3(13), Tex.Rev.Civ. Stat.Ann. has no application in the instant cause. Even assuming the applicability in the case at bar, it does not provide any criminal sanctions for failure to comply with its provision but merely authorizes the court to order refund of part or all of the bond fee if withdrawal is without reasonable cause.

■ Eagle Bonding Company cannot be held to have falsely imprisoned the plaintiffs. They were being held on several charges from Baylor and Throckmorton counties as well as the warrant from Taylor County. They remained in jail in Baylor County for approximately one month on the other charges after the felony fugitive complaint in Taylor County was dismissed.

The court in *Black v. Kroger Co.,* 527 S.W.2d 794 (Tex.Civ.App.—Houston (1st Dist.) 1975, no writ) said:

False imprisonment in Texas is the direct restraint by one person of the physical liberty of another without adequate legal justification. Its essential elements are: (1) a wilful detention of the person; (2) a detention without authority of law; and (3) a detention without the consent of the party detained. *J. C. Penney Co. v. Duran,* 479 S.W.2d 374 (Tex.Civ.App.— San Antonio, 1972, writ ref'd n. r. e.).

. . .

■ Eagle Bonding Company complied with Article 17.16 and 17.19, Code of Criminal Procedure and, therefore, the confinement of Benny and Mona Brown as to the Taylor County matter was with legal authority. Plaintiffs failed to sustain venue in Baylor County under Subdivision 9 of Article 1995, Tex.Rev.Civ.Stat.Ann.

■ Subdivision 23, Article 1995, Tex. Rev.Civ.Stat.Ann., provides:

Corporations and associations.—Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; . . .

It is undisputed Eagle Bonding Company's principal office is located in Taylor County and there is no pleading or proof that it had an agent or representative in Baylor County at the time the alleged cause of action arose. The cause of action, if any, arose in Taylor County when Eagle Bonding Company withdrew as surety on the bonds.

Benny and Mona Brown failed to sustain venue in Baylor County under Subdivision 23, Article 1995, Tex.Rev.Civ.Stat.Ann.

The trial court erred in overruling the plea of privilege. The judgment is reversed and the cause ordered transferred to Taylor County.