# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 29, 2023

Lyle W. Cayce
Clerk

_____

No. 22-40241

_____

Van Damme V. Jeanty,

*Plaintiff—Appellant*,

*versus*

Big Bubba's Bail Bonds, a corporate entity,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CV-366

_____

Before Higginbotham, Graves, and Douglas, *Circuit Judges*.
James E. Graves, Jr., *Circuit Judge*:

Van Damme V. Jeanty, proceeding *pro se*, appeals the district court's dismissal of his claims of breach of contract and false imprisonment against Big Bubba's Bail Bonds. For the reasons that follow, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings.

No. 22-40241

## I.

In November 2015, Jeanty was arrested and released on a surety bond[1] provided by Big Bubba's. Jeanty was formally charged with the same offense in April 2016, but due to an epileptic seizure, he was hospitalized before receiving notice of the indictment. As a result, he was incapacitated for several months, but according to Jeanty, his wife stayed in touch with Big Bubba's on his behalf. In July 2016, Big Bubba's filed a petition with the trial court, requesting an arrest warrant for Jeanty on the grounds that he had failed to fulfill his contractual obligations by neglecting to check in and provide contact information. The trial court subsequently granted the request, and Jeanty was arrested pursuant to an arrest warrant.

On May 13, 2019, Jeanty sued Big Bubba's, alleging that it violated their agreement and caused him to be wrongfully arrested by presenting misleading information to the court in order to obtain the arrest warrant. Big Bubba's moved to dismiss these claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that under the Texas Code of Criminal Procedure, a surety such as itself is permitted to present a petition to the trial court requesting an arrest warrant, and that such submission does not give rise to a cause of action.

The magistrate judge recommended dismissal of Jeanty's false imprisonment claim because his arrest was concededly based on a warrant whose validity was undisputed. In addition, the magistrate judge recommended

---

[1] "A surety bond creates a three-party relationship, in which the surety becomes liable for the principal's debt or duty to the third party obligee." *In re Falcon V, L.L.C.*, 44 F.4th 348, 350 n.1 (5th Cir. 2022) (citation omitted).

dismissal of his contract claim because under Tᴇx. Oᴄᴄ. Cᴏᴅᴇ § 1704.207(b)–(c), an individual has the right to challenge their surrender by a bail bond agent in the same court where they are being prosecuted. Since Jeanty did not avail himself of this remedy, the magistrate judge determined that Jeanty could not pursue a claim for breach of contract. The magistrate judge then concluded that to challenge surrender, "the principal must do so in the court that authorized the surrender."

Jeanty objected to the magistrate judge's Memorandum and Recommendation. On March 17, 2022, the district court adopted the magistrate judge's Memorandum and Recommendation in its entirety and granted Big Bubba's motion to dismiss. Jeanty timely filed this appeal.

## II.

We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004). A motion under Rule 12(b)(6) evaluates the adequacy of the allegations in a complaint rather than the merits of the case. *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). Accordingly, we "accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (internal citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted).

Rule 12(b)(6) dismissal may also "'be appropriate based on a successful affirmative defense,' provided that the affirmative defense 'appear[s] on

the face of the complaint.'" *Basic Cap. Mgmt. v. Dynex Cap., Inc.*, 976 F.3d 585, 588 (5th Cir. 2020) (quoting *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006)). In such a scenario, the pleadings must "reveal beyond doubt that the plaintiffs can prove no set of facts" that would overcome the defense or otherwise entitle them to relief. *Garrett v. Commonwealth Mortg. Corp.*, 938 F.2d 591, 594 (5th Cir. 1991). *Pro se* pleadings, such as Jeanty's, must be liberally construed. *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017).

### III.

On appeal, Jeanty contends that his false imprisonment and contract claims were wrongly dismissed by the district court. We begin with his false imprisonment claim.

Under Texas law, the elements of a false imprisonment claim are: (1) willful detention; (2) without consent; and (3) without authority of law. *Wal–Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). Legal authorization or justification is established either through the issuance of an arrest warrant or by demonstrating the presence of probable cause. *Wal-Mart Stores, Inc. v. Odem*, 929 S.W.2d 513, 519 (Tex. App.—San Antonio 1996, writ denied).

If an arrest or detention is executed under a process that is legally sufficient in form and duly issued by a court of competent jurisdiction—where an arrest is made pursuant to a valid arrest warrant, for example—there is no cause of action for false imprisonment. *James v. Brown*, 637 S.W.2d 914, 918 (Tex. 1982). To determine whether an arrest warrant is valid, we look only to the form of the process by which the arrest warrant was made. *Id.* If the warrant is valid on its face, our inquiry ends there. *Bossin v. Towber*, 894 S.W.2d 25, 32 (Tex. App.—Houston [14th Dist.] 1994, writ denied).

Here, Jeanty challenges the grounds on which the warrant was issued, not the warrant's facial validity. As Jeanty concedes, he was arrested pursuant to a valid arrest warrant. Therefore, there can be no cause of action for false imprisonment. *See James*, 637 S.W.2d at 918. Consequently, we affirm the district court on this issue.

While Jeanty's false imprisonment claim was properly dismissed, his contract claim was not. The district court held that principals, such as Jeanty, who seek to contest a surrender, are "limited to the remedy" set out in TEX. OCC. CODE § 1704.207(b)–(c). We conclude that Jeanty is not limited to this remedy and therefore reverse the dismissal of his claim.

Texas courts have recognized that bail bonds are contracts between the surety and the State, whereby the former ensures that the defendant will appear before the court in exchange for a promise by the State that it will release the defendant from custody. *See Reyes v. State*, 31 S.W.3d 343, 345–46 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.). Under the Texas Code of Criminal Procedure, the surety can end its financial liability on the bond by physically surrendering the principal back into the custody of the authorities, appropriately notifying the authorities where the principal is otherwise incarcerated, or filing an affidavit stating the cause of surrender with information sufficient to allow for an arrest warrant to be issued. *See* TEX. CODE CRIM. PROC. ANN. art. 17.16(a)(1), (2) & art. 17.19(a).

Traditionally, if the surety has wrongfully withdrawn from the bail bond, Texas law permitted the principal to contest the surrender in a civil action against the bonding company. *See, e.g.*, *Karakey v. Mollohan*, 15 S.W.2d 692, 693 (Tex. App.—El Paso 1929, no writ); *Ex parte Vogler*, 495 S.W.2d 893, 894 (Tex. Crim. App. 1973). However, in 1973, the Texas Legislature passed Article 2372p-3, § 13 of the Texas Revised Civil Statutes, which is currently recognized as Article 1704.207 of the Texas Occupations Code. *See Cooper v. Hunt*, No. 05-14-00928-CV, 2016 WL 1213299, at *2 n.6 (Tex.

No. 22-40241

App.—Dallas Mar. 29, 2016, no pet.) (unpublished). It provides that a defendant in a criminal case "may contest the surrender" and mandates that the surety may be obligated to refund fees to the defendant if the "surrender was without reasonable cause." Tex. Occ. Code § 1704.207(b)–(c).

Based on the State's adoption of this provision, the magistrate judge determined that principals who wish to contest a surrender are now restricted to the remedy provided by the statute. The magistrate judge further noted that Jeanty's argument to the contrary was based on a single footnote in *McConathy v. State*, 545 S.W.2d 166 (Tex. Crim. App. 1977) and that subsequent case law and a recent advisory opinion from the Texas Attorney General have made it clear that the contest provision in § 1704.207 governs a principal's right to challenge their surrender. We disagree.

It is well-settled that federal courts sitting in diversity should be slow to expand state law in the absence of any indication of intent by the state courts or legislature. *See Nicolaci v. Anapol*, 387 F.3d 21, 27 (1st Cir. 2004) ("Federal courts sitting in diversity should be cautious about pushing state law to new frontiers.") (cleaned up). In the absence of authority supporting the proposition that § 1704.207 limits a principal's right to pursue a civil action, we find no support for the district court's conclusion.

Prior to 1973, the only route for a principal to seek relief from a surety's wrongful withdrawal from a bail bond agreement was to pursue a civil cause of action. *Vogler*, 495 S.W.2d at 894 ("If the surety has wrongfully withdrawn from the bail bond, appellant's remedy lies not in a habeas corpus proceeding but rather *in a civil action against the bonding company*.") (emphasis added)). However, the enactment of article 2372p-3, § 13 (now § 1704.207) allows the principal to recover all or part of the bond fee paid to the surety in the trial court if the surrender was without probable cause. *See* § 1704.207(b)–(c).

No. 22-40241

The Texas Court of Criminal Appeals cited this provision in *McConathy*, only a few years after its passage, ruling that it provided a remedy for the principal to recover the bond fee paid if the surrender was without reasonable cause. 545 S.W.2d at 168. However, the court also emphasized that "another remedy of the principal is a civil action against the surety." *Id.* at 169 n.3 (citing generally *Vogler*, 495 S.W.2d at 893). Subsequent case law in Texas has affirmed the availability of a civil cause of action for the principal. *See, e.g.*, *Dunn v. Brown*, 584 S.W.2d 535, 537–38 (Tex. App.—Eastland 1979, no writ) (discussing a surrender action in a civil action); *Spears v. State*, No. 10-08-00396-CR, 2009 WL 5155573, at *1–3 (Tex. App.—Waco Dec. 30, 2009, no pet.) (observing that a principal "can pursue a civil action against the bond company" in order to "challenge the validity or content" of an Article 17.19 affidavit); *Adi v. Rapid Bail Bonding Co.*, No. 01-08-00290-CV, 2010 WL 547474, at *7–8 (Tex. App.—Houston [1st Dist.] Feb. 18, 2010, no pet.) (unpublished) (reversing summary judgment for the surety on a breach-of-contract claim).

The two post-*McConathy* cases cited by the magistrate judge, *Robbins v. Roberts*, 833 S.W.2d 619 (Tex. App.—Amarillo 1992, no writ) and *Cooper v. Hunt*, No. 05-14-00928-CV, 2016 WL 1213299 (Tex. App.—Dallas Mar. 29, 2016, no pet.) (unpublished), only affirm that the statutory provision is a valid remedy and do not suggest that this remedy is exclusive to all other potential remedies available to a principal.

In *Roberts*, which the magistrate judge cites as proof that "when the contest provision of Chapter 1704 applies . . . its remedy governs," the surety argued that the lower court erred in finding that the principal's claim was properly brought in the trial court and that he should have initiated a civil action. 833 S.W.2d at 620–21. However, the court rejected this argument finding that § 1704.207 "governs when invoked," but pointed out that this

7

remedy is "*in addition to* the remedy of a separate civil action," not exclusive of it. *Id.* at 622 (emphasis added).

Likewise, the magistrate judge's invocation of *Hunt* misses the mark. There, a criminal defendant challenged his surrender using the statutory mechanism; the trial court ruled in his favor, and the surety appealed, arguing that the challenge "constitutes a separate civil action." *Hunt*, 2016 WL 1213299, at *1–3. The court found that the surety had waived her procedural argument and failed to demonstrate substantive error. *Id.* at *4–5. But just like *Roberts*, this case does not stand for the proposition that suing a bail bond agent can only be done through § 1704.207.

Similarly, the reliance on the advisory opinion is also misplaced as it does not address the availability of civil remedies, and as Jeanty correctly notes, opinions provided by the Texas Attorney General do not constitute authoritative interpretations of Texas law. *See Holmes v. Morales*, 924 S.W.2d 920, 924 (Tex. 1996).

Thus, the district court's ruling that Jeanty had to turn to § 1704.207 for a remedy against Big Bubba's cannot be squared with existing Texas law. Because the pleadings must "reveal beyond doubt that [Jeanty] can prove no set of facts" that would overcome Big Bubba's defense or otherwise entitle him to relief, the district court erred in dismissing his contract claim. *See Commonwealth Mortg. Corp.*, 938 F.2d at 594.

## IV.

For the reasons discussed above, we AFFIRM the judgment of the district court as to Jeanty's false imprisonment claim, and we REVERSE and REMAND for further proceedings on his contract claim.