# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2025

Lyle W. Cayce
Clerk

———————

No. 24-20276
Summary Calendar

———————

Venodhar Julapalli,

*Plaintiff—Appellant*,

*versus*

Marc L. Boom, *President, in his Official and Individual Capacities*; Robert A. Phillips, *Chief Physician Executive, in his Official and Individual Capacities*; H. Dirk Sostman, *Chief Academic Officer, in his Official and Individual Capacities*; Roberta L. Schwartz, *Chief Innovation Officer, in her Official and Individual Capacities*; Carole Hackett, *Chief Human Resources Officer, in her Official and Individual Capacities*; Susan M. Miller, *Research Chair, in her Official and Individual Capacities*; Krystle Riley, *Director of Operations, in her Official and Individual Capacities*; Lucas M. Duvall, *President of the Medical Staff, in his Official and Individual Capacities*; Marc R. Labbe, *Vice President of the Medical Staff, in his Official and Individual Capacities*; Jason Knight, *Chief Medical Officer, in his Official and Individual Capacities*; Debra F. Sukin, *Chief Executive Officer, in her Official and Individual Capacities*; John Doe 1-6, *in their Official and Individual Capacities*; Methodist Hospital, *doing business as* Houston Methodist; Methodist Health Centers, *doing business as* Houston Methodist The Woodlands Hospital,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas

USDC No. 4:23-CV-2061

---

Before HAYNES, HIGGINSON, and DOUGLAS, *Circuit Judges*.

STEPHEN A. HIGGINSON, *Circuit Judge*:[*]

The opinion issued January 14, 2025, 2025 WL 89088, is WITHDRAWN, and the following is SUBSTITUTED.

\* \* \*

This appeal concerns a hospital system's enforcement of its COVID-19 vaccination policy. Pro se Plaintiff-Appellant Venodhar Julapalli is a board-certified gastroenterologist who previously held clinical privileges at Houston Methodist The Woodlands Hospital, a hospital within the Houston Methodist medical system. The hospital system denied Julapalli's requested religious exemption and later terminated his privileges for failure to comply with the policy. Julapalli sued, asserting various federal constitutional and statutory claims. The district court granted Defendants-Appellees' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Julapalli appealed, challenging the district court's determination that Defendants-Appellees were not acting under color of state law. Because Julapalli fails to demonstrate reversible error by the district court, we AFFIRM the dismissal of his complaint.

In April 2021, the Houston Methodist medical system implemented a COVID-19 vaccination policy, pursuant to which all medical staff members were required to be vaccinated against COVID-19, unless they applied for and received a medical or religious exemption. On June 4, 2021, Julapalli was notified that his request for a religious exemption had been denied. Julapalli

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

2

remained unvaccinated, and his clinical privileges were thereafter suspended and ultimately terminated, effective July 22, 2021.

On June 6, 2023, Julapalli filed the instant lawsuit against Defendants-Appellees[1] in federal district court. In his operative complaint, Julapalli asserted multiple claims pursuant to 42 U.S.C. § 1983, as well as a claim under the Health Care Quality Improvement Act ("HCQIA") and a claim for a declaratory judgment that "Defendants performed state action and acted under color of state law by implementing the Vaccine Mandate." Houston Methodist filed a Rule 12(b)(6) motion to dismiss. A magistrate judge issued a Memorandum and Recommendation, recommending that all of Julapalli's claims be dismissed. Both parties filed objections, highlighting that as a matter of Texas law physicians are generally independent contractors, rather than employees or agents of the hospitals where they enjoy privileges. Julapalli further argued that the relevant conduct for the § 1983 analysis was Houston Methodist's implementation of its vaccine mandate, not simply its suspension and termination of Julapalli's privileges, and that Houston Methodist exercised a "traditionally exclusive state function" when it imposed the vaccine mandate. Julapalli stated that he did not object to the magistrate judge's recommendation that his HCQIA and declaratory judgment claims be dismissed.

The magistrate judge issued an Amended Memorandum and Recommendation, which corrected the erroneous suggestion that Houston Methodist was Julapalli's "employer" but otherwise remained substantively unchanged. Julapalli objected again, raising the same arguments. The

---

[1] All Defendants-Appellees are either independent institutions within the Houston Methodist medical system or officers of that system. Because the issues addressed by the district court and at issue here do not implicate any differences between the Defendants-Appellees, we refer to them collectively as "Houston Methodist."

district judge adopted the Amended Memorandum and Recommendation and granted Houston Methodist's motion to dismiss. Julapalli appealed.

We review dismissals under Rule 12(b)(6) de novo. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief may be foreclosed "on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Because Julapalli is a pro se litigant, we construe his pleadings liberally. *Jeanty v. Big Bubba's Bail Bonds*, 72 F.4th 116, 119 (5th Cir. 2023).

Julapalli's appeal is limited to the district court's dismissal of his § 1983 claims. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). On appeal, Julapalli challenges the district court's conclusions that (1) the relevant "alleged deprivation" to be assessed is Houston Methodist's enforcement of its vaccination policy against Julapalli, and (2) Houston Methodist did not act under color of state law when it suspended and terminated Julapalli's privileges.

To determine whether a private actor, like Houston Methodist, acted "under color of state law," the "critical inquiry" is "whether the alleged infringement of federal rights can be fairly attributable to the State." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (cleaned up). "Restated, mere private conduct, no matter how discriminatory or wrongful, is excluded from § 1983's reach." *Id.* (cleaned up). "Deciding whether a deprivation of a protected right is fairly attributable to the State 'begins by

identifying the specific conduct of which the plaintiff complains'." *Id.* at 550 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999)).

Here, the district court determined that the "specific conduct" at issue is Houston Methodist's enforcement of its vaccination policy against Julapalli by first suspending and then terminating his privileges at Houston Methodist The Woodlands. Julapalli argues that loss of his privileges was a "consequence" of the actual conduct of which he complains: Houston Methodist's failure to grant Julapalli a religious exemption to its mandated vaccination policy. Houston Methodist argues that "Julapalli's analysis is backwards" because he "mistakenly brands the alleged Constitutional injuries he allegedly suffered as Houston Methodist's alleged 'state action.'"

But Julapalli's brief, which we construe liberally, is sufficiently clear that the primary conduct he challenges is the denial of a religious exemption: "Defendants should have allowed for the free exercise of my religion, equal protection of the laws, and due process of law in enforcing the Vaccine Mandate on me. They did not. *That* is the specific conduct of which I complain." Looking to the allegations in the operative complaint, we agree with Julapalli that the "alleged deprivation" is the denial of his requested religious exemption, not the suspension and termination of his privileges. For example, Julapalli alleges that Houston Methodist infringed on his First Amendment free exercise rights by failing to grant him a religious exemption, which the vaccine mandate contemplated. He further alleges that Houston Methodist violated his Fourteenth Amendment equal protection and due process rights by discriminatorily denying his request for a religious exemption and obstructing his efforts to question that denial after the fact, while certain other medical staff were granted exemptions.

Nonetheless, this is a distinction without a difference because regardless of whether the "alleged deprivation" is the denial of Julapalli's

requested religious exemption or the suspension and termination of his medical privileges, he has challenged Houston Methodist's enforcement of its internal policies. As the district court concluded, Houston Methodist's enforcement of its vaccination policy was private conduct that is not "fairly attributable to the State," and "mere private conduct, no matter how discriminatory or wrongful, is excluded from § 1983's reach." *Cornish*, 402 F.3d at 549 (cleaned up).

As our court has summarized, the Supreme Court has identified at least four tests for "deciding whether a private actor's conduct can be fairly attributable to the State": (1) the "public function test"; (2) the "state compulsion test"; (3) the "nexus" or "state action test"; and (4) the "joint action test." *Id.* In his brief, Julapalli contends that Houston Methodist performed a function that "is traditionally the exclusive province of the state" by imposing "[m]andatory vaccination to protect the health, safety, and morals of the community in an epidemic emergency." This argument implicates the "public function test," which "examines whether the private entity performs a function which is 'exclusively reserved to the State'." *Cornish*, 402 F.3d at 549 (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 158 (1978)). However, "[w]hile many functions have been traditionally performed by governments, very few have been 'exclusively reserved to the State.'" *Flagg Bros.*, 436 U.S. at 158 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974)).

The "specific conduct" at issue—Houston Methodist's denial of Julapalli's requested exemption as part of the implementation of its internal COVID-19 vaccination policy—is not one of the "very few" functions that have been "exclusively reserved to the State." *Cornish*, 402 F.3d at 549 (quoting *Flagg Bros.*, 436 U.S. at 158). Indeed, it is not a state function at all, but rather a private entity's enforcement of its private policy. It is true, as Houston Methodist acknowledges, that its vaccine policy was consistent with

the Texas Administrative Code's generally applicable requirement that health care facilities implement appropriate vaccination policies. *See* Tex. Admin. Code § 1.702(a) ("Each health care facility shall develop, implement, and enforce a policy and procedures to protect its patients from vaccine preventable diseases."). But this legal compliance does not transform Houston Methodist's independent enforcement of its internal policy into state action. *See Blankenship v. Buenger*, 653 F. App'x 330, 338-39 (5th Cir. 2016). If anything, the Code provision underscores that the promotion of public health, including through the implementation of internal vaccination policies, is not a function exclusively reserved to the state. Whether right or not, Houston Methodist's denial of Julapalli's requested religious exemption was private conduct, and "mere private conduct, no matter how discriminatory or wrongful, is excluded from § 1983's reach." *Cornish*, 402 F.3d at 549 (cleaned up).

For the foregoing reasons, the judgment of the district court is AFFIRMED.