# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2025

Lyle W. Cayce
Clerk

No. 24-10082

Tracy Nixon,

*Plaintiff—Appellant*,

*versus*

Dallas County, Texas,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-1600

Before Wiener, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Tracy Nixon filed *pro se* claims under 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was detained pretrial at the jail of Defendant-Appellee Dallas County ("the County") in June 2023. He specifically alleges that the County was "deliberately indifferent" to his medical needs because the County failed to respond adequately to his complaints of abdomen pain. The medical records

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

attached to Nixon's Amended Complaint, however, demonstrate that he was taken to Parkland Hospital, where he received emergency surgery for a ruptured appendix, and was then released.

The County filed a 12(b)(6) motion to dismiss Nixon's complaint and the matter was referred to the magistrate judge for pretrial management under 28 U.S.C. § 636(b). Before the magistrate judge issued his findings on the motion to dismiss, Nixon (1) served the County with a set of interrogatories, (2) filed a motion for "emergency injunctive relief," and (3) amended his complaint. The County then moved for a protective order from Nixon's interrogatories, which was granted. The magistrate judge entered his findings and recommended that the district court deny Nixon's request for injunctive relief and grant the County's motion to dismiss. After Nixon filed his objections to the findings, the district court adopted the magistrate judge's recommendations on both motions and dismissed Nixon's complaint. Nixon then moved for a new trial, which was also denied by the district court. Nixon timely appealed.

On appeal, Nixon claims that the district court erred in granting the County's protective order and motion to dismiss. He also claims that the district court erred when it denied his request for injunctive relief and motion for new trial. Nixon additionally files two motions for our consideration. He first requests that we appoint counsel to represent him during his appeal and he additionally moves the court for an injunction pending his appeal. For the reasons stated below, we AFFIRM the district court's judgment, and we DENY his motions for the appointment of counsel and an injunction.

A. Protective Order

"Although we liberally construe the briefs of pro se appellants, we also require that the arguments must be briefed to be preserved." *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (per curiam). The district

court granted the County's protective order from Nixon's interrogatories because the parties had not yet conferred, which is required by Federal Rule of Civil Procedure 26(d)(1). FED. R. CIV. P. 26(d). Because Nixon fails to address the lack of a discovery conference between the two parties before he served his interrogatories on the County in his briefing, we hold that he has abandoned this claim. *See Price*, 846 F.2d at 1028.

## B. Injunctive Relief

Nixon's requests for injunctive relief are also of no moment. At the district court, he moved for a temporary restraining order that would enjoin the County from housing other people who are incarcerated in the County's jail. The district court denied his request because he was no longer in the County jail and thus lacked standing to bring that claim.[1] On appeal, Nixon does not dispute that he was no longer at the jail when he requested such relief and also makes no assertions regarding the standing issue. We therefore hold that he has abandoned this claim as well. *See id.*

Nixon's present motion for injunctive relief pending his appeal hinges on the same contentions as his motion before the district court. We deny his motion for the same deficiencies outlined above.

## C. 12(b)(6) Motion to Dismiss

We next address whether the district court erred when it granted the County's motion to dismiss for Nixon's failure to state a claim. We review such a dismissal *de novo* and "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff[]." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). Because Nixon is a *pro se*

---

[1] Nixon is also not a lawyer and therefore cannot represent the rights of others.

litigant, we construe his pleadings liberally. *Jeanty v. Big Bubba's Bail Bonds*, 72 F.4th 116, 119 (5th Cir. 2023).

To state a § 1983 claim against a local government entity, a person must plead facts that plausibly establish "that (1) an official policy (2) promulgated by the [relevant] policymaker (3) was the moving force behind the violation of [his] constitutional right[s]." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). Nixon alleges a Fourteenth Amendment claim of deliberate indifference.[2]

An official policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation…cannot be conclusory, it must contain specific facts." *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)). This means that plaintiffs must do more than describe the events leading up to their own injuries to establish a "de facto policy." *See Culbertson v. Lykos*, 790 F.3d 608, 629 (5th Cir. 2015) ("The allegations in this case are limited to the events surrounding the plaintiffs. That is not an

---

[2] Throughout his various briefing, Nixon claims that the County violated his Fourth, Eighth, and Fourteenth Amendment rights. We need not address his Fourth Amendment claim any further as he fails to include it in his Amended Complaint. We analyze deliberate-indifference claims differently, depending on whether the aggrieved party was a pretrial detainee or a convicted prisoner. *Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020) ("As a pretrial detainee contesting conditions of her confinement, [plaintiff]'s § 1983 claim invokes the protections of the Fourteenth Amendment. The standard is the same as that for a prisoner under the Eighth Amendment."). Because Nixon's deliberate-indifference claim arises out of the time that he was a pretrial detainee, we evaluate his claim under the Fourteenth Amendment. *See id.*

No. 24-10082

allegation of a de facto policy[.]"); *Pena*, 879 F.3d at 622 ("[A] plaintiff must do more than describe the incident that gave rise to his injury" to plausibly "plead a practice so persistent and widespread as to practically have the force of law." (internal citation and quotation omitted)).

Because his allegations are limited to the harm he personally faced, Nixon failed to plead facts to establish that "an official policy" existed. He alleged that the County was "deliberately indifferent" to him when its staff failed to respond immediately to his medical needs, but the medical records that Nixon himself attached to his Amended Complaint confirm that he received an appendectomy at Parkland Hospital two days after he initially complained of his symptoms.[3] We have previously held that when "an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls." *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.* 355 F.3d 370, 377 (5th Cir. 2004). Moreover, the district court advised Nixon of the factual allegations that he had to raise in his complaint in order to establish "an official policy." Nixon failed to do so both in his Amended Complaint and in his brief to this court. Because Nixon's medical records demonstrate that he received treatment two days after exhibiting symptoms and that his factual allegations only describe the harm he personally faced, he has not established that an official policy exists. *See Culbertson*, 790 F.3d at 629. His § 1983 claim therefore fails, so we AFFIRM the district court's dismissal of this case.

D. Motion for New Trial

---

[3] When ruling on a 12(b)(6) motion, courts are to consider "the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

We now turn to whether the district court erred when it denied Nixon's motion for a new trial. "We review a district court's denial of a motion for a new trial for abuse of discretion." *Westport Ins. Corp. v. Pa. Nat'l Mut. Cas. Ins. Co.*, 117 F.4th 653, 665 (5th Cir. 2024). After the district court entered its final judgment dismissing the matter, Nixon filed a Rule 59(e) motion for new trial. The district court denied that motion because Nixon failed to explain why his case fell under any of the three circumstances that would justify reconsideration of the dismissal of his lawsuit.[4] He presently fails to do the same or provide any alternate basis for us to find the district court abused its discretion. We accordingly dismiss this issue as well.

### E. Motion to Appoint Counsel

We may appoint counsel for plaintiffs in civil rights suits under "exceptional circumstances." *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.3d 1078, 1084 (5th Cir. 1991) (per curiam). We consider several factors when determining whether to appoint counsel such as the type and complexity of the case along with the plaintiff's ability to present their case. *Id.; see Ulmer v. Chancellor*, 691 F.3d 209, 213 (5th Cir. 1982). We find that the issues in this matter are not particularly complex, and with the benefit of a liberal construction, Nixon has sufficiently briefed his arguments without counsel. Nixon's single statement that he is "financially unable to obtain adequate representation" and "faces a loss of liberty" in support of his motion does not satisfy the "exceptional circumstances" requirement set out in our

---

[4]Under Rule 59(e), amending a judgment is appropriate (1) when there has been an intervening change in the controlling law; or (2) when the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *See Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

precedent. *See Cooper*, 929 F.3d at 1084; *Ulmer*, 691 F.3d at 213. Therefore, his motion for appointment of counsel is denied.

For the foregoing reasons, we AFFIRM the district court's final judgment and dismiss Nixon's claims with prejudice. Further, we DENY Nixon's motion to appoint counsel and motion for injunctive relief.